RODRIGUEZ, RECTOR OF THE COMMUNITY OF REVEREND
PAULIST FATHERS,

*v.* THE PEOPLE OF PORTO RICO.

REVIEW of a decision of the District Court of San Juan.

No. 1.—Decided January 22, 1903.

APPEAL FOR REVIEW.—An appeal for review is an extraordinary recourse
available only in the strict and limited manner prescribed by law.

ID.—No appeal for review lies from a judgment in which all the issues raised
by both parties have been passed upon, and where Article 79 of Section 1
of the law governing administrative contentions (lo contencioso adminis-
trativo) have been complied with.

### SATEMENT OF THE CASE.

This case is an appeal taken by the People of Porto Rico
for the review of a judgment rendered by the District Court
of San Juan, which reads as follows :

"In the City of San Juan, Porto Rico, August 1, 1902.—This is a
"litigative-administrative" action brought by Juan Hernandez Lopez, Esq.,
on behalf of Joaquín P. Rodriguez, Rector of the Community of Reverend
Paulist Fathers, against the Administration, represented by the Fiscal, for
the recovery of certain sums of money, due from the former "Diputación
Provincial". Joaquín P. Rodriguez, Rector of the Community of Paulists,
addressed a communication to the Chairman of the commission in charge of
the liquidation of the assets and liabilities of the "Diputación Provincial" to
which was attached a certificate issued by the Right Reverend Bishop of
this Diocese, testifying to his identity as Rector of said Community, and
another from the Alcalde of Ponce to the effect that he knew positively that
the aforesaid Community had maintained in Ponce, a College for primary
and secondary instruction from 1897 to 1898, and based upon these certifi-
cates he proceeded to set forth : That upon the abolition of said "Diputa-
ción Provincial"; it was indebted to the Community for the subsidy apper-
taining to the months of December to June, 1897–1898, at the rate of five
thousand *pesos* per annum ; that the liquidator of the "Diputación Provin-
cial" had, on May 18, 1899, paid the subsidy corresponding to December
1897, January, and ten days of February, 1898, the balance up to June of
the latter year, amounting to one thousand nine hundred and forty-four *pesos*
and forty-four *centavos*, or one thousand one hundred and sixty-six dollars and
sixty-six cents, as per sworn statement filed, being still unpaid. The Com-
mission in charge of the liquidation, by a majority vote, refused to consider

la Diputación, y por tanto una gracia, si bien uno de los Comisionados cree es justa la petición, la Diputación obligada á pagarla, y es legal la reclamación.

*Resultando:* que el defensor y representante de Don Joaquín P. Rodriguez como Director de la Comunidad de los R. R. P. P. Paules formuló demanda contra la administración, solicitando se le condene á pagar á dicha Comunidad el importe de dicha subvención, deducidos los pagos hechos que constan en las Oficinas de Hacienda, con los demás procedentes, con las costas á la administración; sentando como hechos: que la Diputación concedió cinco mil pesos de subvención á la Comunidad para la fundación de un Colegio de segunda enseñanza en Ponce; que fundado, se hicieron diversos pagos, y quedaron luego en suspenso por el mal estado de fondos de la Diputación; que extinguida ésta, el Liquidador de la misma pagó parte de la subvención; y que la Comisión Liquidadora se ha negado posteriormente á pagar el resto de la subvención, sin razón que lo justifique, según su resolución: siendo el derecho que los bienes de la Provincia de Puerto Rico pasaron al Gobierno Insular con la condición de que pagase todas las atenciones y deudas legítimas contraidas con aquélla, entre las que se encuentra el crédito de la Comunidad: que la Diputación constituía una personalidad jurídica, sobre cuyos bienes pesaban y pesan todas las obligaciones existentes á su extinción; que los bienes de la Provincia constituyen una propiedad especial reconocida y declarada por el Tratado de Paz entre España y los Estados Unidos, debiendo ser condenado en costas el litigante temerario.

*Resultando:* que el Ministerio Fiscal, como Delegado del Attorney General, representante de la Administración, contestó la demanda alegando y pidiendo se declare en primer término con lugar la excepción de defecto legal en el modo de proponer la demanda, y si no procediere, sin lugar la demanda, con las costas, fundando esas pretensiones: en que la suprimida Diputación votó una subvención á favor del Colegio de los Padres Paules de Ponce, ascendente á cinco mil pesos para el año fiscal que terminó en Junio de 1898, pagándola, mientras el estado de sus fondos se lo permitió: que el liquidador de dicha Corporación pagó posteriormente otra parte de esa subvención y á esta fecha no puede determinarse en la demanda á cuanto ascienden los pagos verificados, no pudiendo en su consecuencia conocerse cual es la cantidad que se pretende hacer efectiva: que los Padres Paules en tiempo oportuno gestionaron ante la Comisión Liquidadora de la Diputación el pago de la cantidad que les resta por cobrar hasta completar los cinco mil pesos, pero con desfavorable resultado, é interponen esta demanda sin fijar la cuantía de su reclamación, siendo el derecho la excepción de defecto legal en el modo de proponer la demanda, que se nota al leer la petición del actor, en la que no expresa con claridad y precisión la cuantía de la cantidad reclamada: que esa reclamación no puede obtener éxito porque la Diputación

the claim, ·alleging that it was a question of a voluntary contribution which the Government could at any time withdraw, and not a contract binding the "Diputación", though one of the Commissioners was of the opinion that the claim was a just one, that the "Diputación", was bound to pay it, and that it was a legal demand.   Thereupon Joaquín P. Rodriguez, as Rector of the Community of Paulist Fathers, through his attorney, brought an action against the Administration, praying that it be adjudged to pay said Community the amount of aforesaid subsidy, after deducting the payments made according to record on file in the office of the Treasury, that the Court make such other declarations as might be pertinent, with costs against the Administration.   The facts stated were as follows:   That the "Diputación" had granted an annual subsidy of five thousand *pesos* to the Community for the purpose of establishing a college in Ponce; that after the foundation of the School, various payments were made, said payments being subsequently discontinued owing to the lack of funds; that after the abolishment of the "Diputación", the liquidator thereof had paid part of the subsidy; and that the Commission in charge of the liquidation had since refused to pay the outstanding balance, without giving any satisfactory reason for such action.   The law is that the property of the Province of Porto Rico had been taken over by the Insular Government, subject to the condition of meeting all the legitimate obligations contracted by the former, among which is the debt due the Community; that the "Diputación" constituted a legal personality upon whose property all its liabilities existing at the time it was abolished constituted an encumbrance; that the possessions of the Province constitute a special property so recognized and declared by the Treaty of Peace between Spain and the United States, and the costs should be taxed against the litigant.   The Administration, through its representative the Attorney General, in answering the complaint, prayed that the exception alleged of legal defect in the manner of presenting the complaint be sustained, and in case this exception should not be sustained, that the complaint be dismissed with costs, the answer being based on the alleged fact that the former "Diputación" had voted a subsidy in favor of a college established by the Paulist Fathers at Ponce, amounting to five thousand *pesos*, for the fiscal year ending June, 1898, which it had paid as long as the state of its finances had permitted; that the liquidator of said Corporation ·had subsequently paid another portion of said subsidy, and at the present date it is impossible to specify in the complaint the amount of the payments made, and therefore it is impossible to ascertain the amount of the money claimed; that the Paulist Fathers had in due time endeavored to recover from the Liquidating Commission of the "Diputación" the balance due them to complete the five thousand *pesos,* but their·efforts did not meet with success, and they now bring this suit without fixing the amount of

fué suprimida; sus propiedades traspasadas al Gobierno y la disposición de que éste pagase todas sus deudas, no significa continuara pagando cantidades casi en su totalidad satisfechas, y que no tenían carácter de una deuda, ni procedían de un contrato entre los Padres Paules y la Diputación, sino de un acto de mera liberalidad que ésta podía revocar á su antojo: que al cesar la Diputación y ceder sus propiedades al Gobierno para que pagara sus deudas, el importe de éstas no debía ni podía exceder del activo recibido: que la cantidad que el Gobierno recibió de la Diputación, libre de todo gravámen, ha sido ya distribuida en pago de deudas de derecho preferente, existiendo sólo un sobrante de doscientos setenta y un pesos catorce centavos, y el Tesoro no puede quedar sujeto al pago de donaciones que en gran parte han sido liquidadas al suprimirse la Diputación: que la parte principal del activo de esta Corporación consistía en bienes inmuebles sujetos a usos especiales, cedidos para obras de beneficencia é instrucción y para sufragar los gastos de personas desamparadas; propiedad que no puede ser distraida de los usos especiales á que se dedicó para invertirlas en atenciones de naturaleza de las que nos ocupa: que las excepciones dilatorias propuestas fuera de tiempo pueden utilizarse como perentorias.

*Resultando:* que abierto á prueba el pleito, vino á los autos á instancias del actor la copia del acuerdo de la Diputación de 21 de Abril de 1896, concediendo una subvención de cinco mil pesos anuales para el Colegio que bajo la dirección de los Padres Paules se proponía fundar en Ponce, siendo acuerdo pasase el expediente á la Comisión de Hacienda para que incluyese en el próximo presupuesto la partida correspondiente; declarando tres testigos citados á petición del demandante, manifestando uno, fué Secretario de Hacienda y Secretario Civil de esta Isla en la época del Gobierno Militar, que es cierto que la liquidación presentada por los Padres Paules es exacta y que con los caracteres antes citados intervino en el activo y pasivo de la Diputación: otro que fué el último Vice-Presidente de la Diputación Provincial, Diputado Provincial más de seis años, y cuatro de la Comisión permanente, cierta la comunicación que se le pone de manifiesto y la liquidación firmada y jurada que presentó á la Comisión liquidadora el Director de los Padres Paules, y exacta, conforme á los antecedentes de la subvención concedida: y el tercero, que es cierta y legítima la firma del voto particular y cierto su contenido, y que la liquidación presentada por el demandante debe ser exacta porque fué aceptada sin reparo alguno por el Oficial encargado de hacer las confrontaciones con los antecedentes que había en la Oficina Liquidadora de la Diputación, y que la negativa de la mayoría de la Comisión Liquidadora no acepta como buena la reclamación de los Paules por considerar no está obligada la Diputación á pagarles sin discutir el importe, que obedece á una simple operación aritmética: sin que el demandado promoviera prueba alguna.

their claim, the exception of legal defect being based on the manner of presenting the complaint, which will be noticed upon a perusal of plaintiff's petition, wherein the amount claimed is not clearly and specifically stated; that this claim cannot succeed, because the "Diputación" was abolished, its properties being transferred to the Government, and the provision that the latter should pay all its debts, does not mean that it should continue to pay sums that have been almost entirely covered, and were not in the nature of a debt, and that did not arise from a contract between the Paulist Fathers and the "Diputación", but from a mere act of liberality which the latter could revoke at its own pleasure; that when the "Diputación" ceased to exist and its property was assigned to the Government for the purpose of paying its debts, the amount of liabilities should not and could not exceed the amount of the assets received; that the amount received by the Government from the "Diputación", free from encumbrance, had been distributed in payment of preferential debts, there remaining only a balance of two hundred and seventy-one *pesos*, and fourteen *centavos*, and the Treasury can not be held responsible for the payment of gifts which in a great measure have been settled upon the extinction of the "Diputación"; that the principal assets of said Corporation consisted of realty, subject to special uses that were assigned for charitable and educational purposes and to pay the expenses of destitute persons; that said property cannot be diverted from the special uses to which it has been devoted in order to apply it to objects of the nature of the claim brought herein; that dilatory exceptions presented at the wrong time may be availed of as peremptory exceptions. Evidence having been ordered to be taken, there was placed on file at the instance of plaintiff, a copy of the resolution at the "Diputación", dated April 21, 1896, granting an annual subsidy of five thousand *pesos* for the college which it was proposed to establish in Ponce, under the management of the Paulist Fathers, and ordering that the papers be forwarded to the Finance Committee, so that the proper appropriation might be included in the next budget. Three witnesses were summoned at the request of plaintiff, one of them testifying: That he was Secretary of the Treasury and Secretary of Civil affairs of the Island during the Military Government; that the liquidation submitted by the Paulist Fathers is correct, and that in both the above-mentioned capacities he had had to do with the assets and liabilities of the "Diputación"; another witness testified that he was the last Vice-President of the "Diputación Provincial", a Provincial Delegate for over six years, and for four years a member of the permanent Commission; that the communication shown him and the liquidation signed and sworn to which was presented to the liquidating Commission by the Director of the order of Paulist Fathers, is true and correct, according to the records of the subsidy allowed them; and the third witness testified that the signature

*Resultando:* que formado el extracto y señalado día para la vista, se celebró ésta con asistencia de las partes, habiéndose observado las prescripciones legales en la sustanciación de esta instancia. Siendo Ponente el Sr. Presidente Don Juan Morera Martinez.

*Considerando:* que el defecto legal en el modo de proponer la demanda, concretado en el período de discusión á no expresarse con claridad y precisión la cuantía de la cantidad que reclama, no puede ser alterado con posterioridad, porque sería variar los términos del debate, y mucho menos al sentarse por el demandado en el acto de la vista, no haberse consignado por el demandante los hechos y derechos relacionados que se refieren á la competencia del Tribunal, pues si cree que este Tribunal no es competente, pudo promover la competencia que según doctrina del Consejo de Estado cabe en cualquier estado ó trámite del juicio, y aun en la segunda instancia.

· *Considerando:* que según la Orden General No. 84 de 1900, Sección 6, este Tribunal procederá á considerar y resolver las reclamaciones contra la Comisión Liquidadora de la Diputación, á instancia de cualquiera de las partes, en caso de que una adjudicación dictada por la Comisión fuese desaprobada por el Gobernador, ó el interesado se resistiese á aceptar el fallo de ella, y por tanto no es preciso en ese caso sentar los hechos y derechos de la competencia, como en los otros negocios contencioso-administrativos, pues no cabe resolver si la cuestión corresponde á las facultades regladas de la Administración, á los Tribunales ordinarios, ó, en una palabra, si es ó nó materia contencioso-administrativa, por determinar el caso la Orden General citada, que lo declara.

*Considerando:* que la cuantía de la cantidad consta expresada y la tuvo presente la Comisión Liquidadora, es la consignada en el primer resultando, y sentado en la súplica se reclama el importe de la subvención deducidos los pagos hechos que constan en las Oficinas de Hacienda, expresando el demandante en su reclamación administrativa se le adeudan mil novecientos cuarenta y cuatro pesos cuarenta y cuatro centavos provinciales, ó sea mil ciento sesenta y seis dollars sesenta y seis centavos, ese saldo, y no otro, es el reclamado.

*Considerando:* que al disponerse en la Sección 5ª de la referida Orden General, No. 84, que toda adjudicación dictada por la Comisión y comprobada con el certificado que firman sus miembros, aprobada que sea por el Gobernador, se enviará al Contador General de la Isla para su liquidación y pago al interesado por el Tesorero, con cargo á las rentas insulares disponibles, las cuales se aplican al pago de dichas reclamaciones en atención al traspaso de los bienes raices y muebles de la extinguida Diputación Provincial, no cabe sentar nada que esa disposición contrarie por no haber sido revocada la subvención por dicha Corporación Provincial, y ser el reclamo

affixed to the dissenting opinion is genuine, and the contents thereof true, and that the liquidation presented by plaintiff must be correct because it was passed without objection by the official charged with the duty of comparing the items with the records on file in the liquidating office of the "Diputación", and that the refusal of the majority of the liquidating Commission to admit the propriety of the claim of the Paulist Fathers was because they held that the "Diputación" was not obliged to pay it without verifying the amounts, which was a question of figures. The defendant did not offer any evidence whatever.

The extract having been made, and a day having been set for the hearing, the same took place in due time the parties both appearing, and the legal requirements having been complied with in the proceeding, Mr. Chief Justice Morera Martinez prepared the decision of the Court:

"The plea of legal defect in the manner of presenting the complaint, confined during the period for discussion to the lack of clearness and precision in stating the amount claimed, cannot be subsequently altered, because it would alter the terms of the debate, and much less so when at the hearing, defendant had maintained the point that plaintiff had failed to specify the facts and laws relating thereto, bearing upon the jurisdiction of the Court, for if he thinks that this Court had no jurisdiction, he could have raised the question of competency, which according to the doctrine of the Council of State, may be done at any stage of the proceedings, and even in the second instance. Pursuant to Section 6 of General Orders No. 84, Series of 1900, in case any award of the Commission shall be disapproved by the Governor, or where the claimant declines to accept the award of the Commission, this Court, at the request of either party, shall proceed to consider and determine the claims against the liquidating Commission of the "Diputación", and, therefore, it is not necessary in this case to set forth the facts and law as to competency, as in other administrative matters, for there is no need of deciding whether the question comes under the regulated powers of the Administration, the ordinary Courts of Justice, or, briefly, whether, it is a "litigative-administrative" matter or not, since the aforesaid General Order has determined the jurisdiction. The amount as stated and taken account of by the Commission, is the one mentioned in the first finding of fact, the amount of the subsidy claimed, being set forth in the petition, after deducting such payments as have been made and are entered at the office of the Treasurer, and plaintiff stating in his administrative claim that the sum of one thousand nine hundred and forty-four *pesos* and thirty-four *centavos*, or one thousand one hundred and sixty-six dollars and sixty-six cents, is due him, this balance, and no other, is the amount claimed. It being provided in Section V of aforesaid General Order No. 84, that every award of the Commission, evidenced by a certificate signed by the members thereof, if approv-.

del resto de la subvención que existía en un presupuesto por dicha Corporación votado antes de la extinción ó supresión.

*Considerando:* que no existe temeridad y por ello la condena de costas debe ser sin especial condena.

*Fallamos:* que debemos declarar y declaramos con lugar la demanda y en su virtnd condenamos á la Administración á pagar al demandante los mil novecientos cuarenta y cuatro pesos cuarenta y cuatro centavos provinciales, ó sea mil ciento sesenta y seis dollars, sesenta y seis centavos, saldo de la subvención que consta en el Presupuesto de 1897 á 98, por la extinguida Diputación Provincial votado para dicho año, sin especial condena de costas; pudiendo la Administración practicar liquidación, y deducir todos los pagos que se hubieren hecho con posterioridad á los reconocidos por el demandante, y puedan disminuir el montante indicado. Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos. Juan Morera Martinez, Henry F. Hord, Juan J. Perea".

*Resultando:* que á instancia del demandante se declaró firme esa sentencia por auto de 20 de Agosto de 1902, y ya en esas condiciones se interpuso apelación por el Acting Attorney General y se proveyó que se estuviese á lo dispuesto en el auto anterior.

*Resultando:* que en 6 de Septiembre del año próximo pasado presentó el Acting Attorney General, ante esta Corte, recurso de revisión fundado en el artículo 79, número 1, de la Ley de lo Contencioso-Administrativo, porque al contestar la demanda había propuesto la excepción de defecto legal en el modo de proponerla, haciendo consistir el defecto en que en el escrito inicial del actor no se expresaba con precisión y claridad la cuantía de la cantidad que se reclamaba, y en la parte dispositiva de·la sentencia no se resolvió esa cuestión, planteada en la.contestación.

*Resultando:* que por providencia de 10 de Octubre del citado año se tuvo por interpuesto el recurso, se reclamaron al interior los autos de referencia, y se emplazó á las partes para que dentro del término legal comparecieran á sostener lo que á su derecho fuera conveniente.

*Resultando:* que recibidos los autos, personado el demandante y tenido por parte, se le dió traslado del recurso por término de seis días, evacuó el trámite oponiéndose al mis-

ed by the Governor, shall be referred to the Auditor of the Island for settlement and payment by the Treasurer to the claimant, out of any insular revenues not otherwise appropriated, which are made applicable to the payment of such claims in consideration of the transfer of real and personal property formerly belonging to the said "Diputación Provincial", nothing can be alleged in conflict with this provision, inasmuch as the subsidy approved by said Corporation has not been repealed, and the amount claimed is the balance of the subsidy which was included in a budget passed by said Corporation before its extinction or abolishment. There having been no temerity, no special imposition of costs is made. "

We adjudge that we should declare, and we do declare, that the complaint filed by the Rector of the Community of Paulists against the Administration is sustained, and we adjudge the latter to pay the plaintiff the sum of one thousand nine hundred and forty-four *pesos* and forty-four *centavos*, or the equivalent thereof, that is to say, one thousand one hundred and sixty-six dollars and sixty-six cents, being the balance of the subsidy included in the budget of 1897-8, voted by the late "Diputación Provincial", for said fiscal year, without any special imposition of costs; the Administration being at liberty to make the liquidation and deduct from aforesaid sum all the payments that may have been made subsequently to those acknowledged by plaintiff, and thereby diminish the amount claimed".

Thus by this our final judgment, we do pronounce, order and sign.— Juan Morera Martinez, Henry F. Hord, Juan J. Perea. "

On motion of plaintiff the foregoing judment was declared final by a decree of August 20, 1902, whereupon an appeal was taken therefrom by the Acting Attorney General which was overruled by the court. On September 6, 1902, the Acting Attorney General made application to this court for a writ of review, based on paragraph 1 of Article 79, of the law governing claims against the Administration (*Contencioso-Administrativo*) inasmuch as in answering the complaint he had taken the exception of legal defect in the manner of presenting same, said defect consisting in that in the complaint the amount of the claim was not stated with clearness and precision, which point, raised in the answer to the complaint, was not passed upon in the judgment. By an order dated October 10th of the same year, the appeal was allowed, the records of the case were ordered to be forwarded by the lower Court, and the parties summoned to appear within the time

mo, y puestas de manifiesto las actuaciones á las partes por el término procedente, ninguna de ellas solicitó el señalamiento de dia para la vista.

Abogado del recurrente: *Sr. Feuille;* Attorney General auxiliar.

Abogado del recurrido: *Sr. Hernández López.*

El Jurz Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando:* que el recurso de revisión es extraordinario y solo procede en la forma rigurosa y taxativa, señalada por la ley.

*Considerando:* que en la parte dispositiva de la sentencia se ha resuelto con suma precisión y claridad la cuestión propuesta en la contestación, como excepción por defecto legal en el modo de proponer la demanda, puesto que se condena á la Administración á pagar una cantidad determinada, ó sea, mil novecientos cuarenta y cuatro pesos cuarenta y cuatro centavos provinciales, equivalentes á mil ciento sesenta y seis dollars sesenta y seis centavos por saldo de la subvención reclamada, y aún va más allá, disponiéndose que de esa cantidad pueden deducirse todos los pagos hechos con posterioridad al presupuesto de 1897 á 98.

*Considerando:* que, así las cosas, es indiscutible que se han resuelto todas las cuestiones planteadas en la demanda y en la contestación, y no puede por consiguiente prosperar el recurso establecido, porque en el fallo se ha cumplido con lo dispuesto en el artículo 79, número 1, de la Ley de lo Contencioio-Administrativo.

fixed by law to sustain their contentions. Upon receipt of the record the appearance of the plaintiff was entered, and he was given six days notice of the appeal which he contested; and the record, having been submitted to the parties for the prescribed period, no request was made by either that a day be set for the hearing.

*Mr. Feuille*, Assistant Attorney General, for appellant.

*Mr. Hernández López*, for respondent.

Mr. Associate Justice José María Figueras Chiqués, after making the above statement of facts, rendered the following opinion of the Court.

The appeal for review is an extraordinary recourse, available only in the strict and limited manner prescribed by law. In the judgment rendered the exception of legal defect in the manner of presenting the complaint, taken by defendant was decided with great clearness and precision, since the Administration is adjudged to pay a specified sum, namely, one thousand nine hundred and forty-four *pesos*, and forty-four cents, equal to one thousand one hundred and sixty-six dollars and sixty-six cents, being the balance of the subsidy claimed, and even goes further by providing that from said sum may be deducted all payments made after the approval of the budget of 1897-8. Thus, then, it cannot be questioned, that all the issues raised, both in the complaint and in the answer thereto, have been decided, and therefore the appeal taken cannot succeed, inasmuch as paragraph 1 of Article 79, of the law governing "Administrative-Contentions", (Contencioso-Administrativo), has been complied with.

We should declare, and do declare, that the application for writ of review filed by the Acting Attorney General on behalf of The People of Porto Rico, from the above judgment, rendered by the Court of San Juan on August 1, 1902, does not lie. This decision is ordered to be communicated to said Court and the record returned to it for compliance herewith.

Mr. Chief Justice Quiñones, and Associate Justices Hernández, Sulzbacher and MacLeary, concurring.